ALFRED WHEELER, Respondent, *v.* JOHN C. HAYS,
Sheriff, Appellant.

When a jury has been waived by the parties, and the court find the facts, the facts
so found have the same legal effect as if found by a jury, and not being the
subject of review in this court are therefore conclusive.

APPEAL from the Fourth Judicial District.

The complaint in this case set forth that Charles Brown and
Robert T. Ridley, on the 17th March, 1851, became endorsers
of a promissory note for $1275, made by E. D. Smith in favor of
W. G. Taylor, payable thirty days after date, upon which, on the
23d April, 1851, suit was brought by Taylor against the said drawer
and endorsers, and judgment obtained against the said Brown
and Ridley, July 2d, 1851, for $1472 37 and costs. That an
execution issued thereon to defendant, as sheriff, on the 21st
July, who lived on a certain tract of land, the property of
said Ridley (describing it), and set up and struck off the same
on the 26th August to Frank Turk, for $900, who refusing to
pay his bid for the same, it was again set up for sale by defen-
dant on the 6th September last, and struck off to the plaintiff
for $875, who paid the said sum to defendant, and demanded a
deed for the same, who refused, and still refuses the same. That
plaintiff further paid, on the 26th February, $84 50, taxes unpaid
and due on said property ; that said property has not been re-
deemed since the said sale, nor was it subject since the sale
to any right of redemption whatsoever, wherefore the plaintiff
prays the court to decree a conveyance of the said property
from the said defendant, sheriff, &c., to the plaintiff, according
to law, and to enjoin him from conveying the same to any other
person.

The defendant answered, that on the 24th February, 1852,
Charles W. Stewart and Isaac N. Thorn, successors in interest of
the said Robert T. Ridley, whose property was sold on the execu-
tion issued on the judgment of W. G. Taylor redeemed the said
property from said sale, and paid $1117, as the principal and

interest due on such redemption, and the taxes due on the said property, and therefore plaintiff is not entitled to the deed which he seeks, and defendant should be dismissed, &c.

The case was submitted to the court, a jury having been waived by the parties, who found the judgment, execution, levy and sale, and payment by plaintiff as stated in his complaint, the refusal of the sheriff to make the deed, payment of the taxes as stated, and that the value of the property was $5000. That on the 25th February, 1852, Charles V. Stewart and Isaac N. Thomas, claiming to be successors in interest to said Ridley, and as such to have the right to redeem, tendered and paid to defendant, as sheriff, $1117, the amount of purchase-money and taxes paid by plaintiff, with eighteen per cent. addition to the said purchase-money. And the court found that no successorship in interest to said Ridley has been set up or claimed, in the property sold to the plaintiff, except under a certain instrument in writing in the form of a deed, sealed and executed by said Ridley, on the 14th May, 1851, which was executed by him on that day to Stewart and Thorn, and that the description of the property which it purports to convey is as follows (the description here follows, not corresponding to the description of the property claimed by plaintiff). That evidence extrinsic to said instrument was introduced by defendant, in the shape of a separate plot or diagram, in which the lines are represented and two additional lines enclosing about 114 acres. Said plan was not annexed to the deed, or filed, or recorded, but was in possession of said Stewart and Thorn; that the said instrument executed by the said Ridley was entered or copied in the County Records on the 25th February, 1852, but does not stand recorded, for want of a proper certificate of acknowledgment or proof; and find that the premises described in the said instrument and the land represented in the said diagram are not the property sold by the said sheriff to the plaintiff in this suit, or any part or parcel thereof.

And the conclusions of law determined by the court were, that said instrument, executed by Ridley on the 14th May, 1851, was a valid deed of conveyance to Stewart and Thorn, that the diagram was evidence for the purpose of defining, in connection

with said deed, the property thereby conveyed, and that said deed conveys to the said Stewart and Thorn the land represented in said plot.

That the sale made to the plaintiff was within the provisions relating to the redemption of real property from execution sales, contained in the act of 29th April, 1851. That the said act gives to the judgment debtor, or his successor in interest, a right of redemption therein, where the contract on which judgment was recovered was entered into prior to the passage and taking effect of said act, and the sale on execution made after; and that said act is constitutional and valid.

That prior to said act, on the 1st July, 1851, there was no law in this State authorizing the redemption of real property sold on execution. That said Stewart and Thorn are not, and have not at any time, been entitled to redeem the property sold to plaintiff, or any part thereof. That said property has not been redeemed in the whole or in part, by said Ridley, or any successor to him in interest, or other redemption.

That the title in fee, at the commencement of this suit, fully and absolutely vested in the plaintiff, subject to no right of redemption. That plaintiff is entitled to receive from defendant, sheriff, &c., a deed of conveyance in fee for the property sold him, &c., and so decreed.

Defendant appealed.

*Campbell, Brown*, and *Tracy*, for appellant.

*Clark* and *M'Henry*, for respondent.

Appellant contended that the case could not be reviewed under previous decisions of this court. Hoppe *v.* Robb; Griswold *v.* Sharpe & Boyd; Brown *v.* Brown & Greives; Pachew *v.* Echeveria; Ingram et al. *v.* De Freemary; Dunn *v.* Clarke.

The opinion of the Court was delivered by HEYDENFELDT, Justice. WELLS, Justice, concurred.

The plaintiff filed a complaint, which, we suppose, was intended to operate as an application for a mandamus to compel the defendant, as sheriff, to execute a deed for a tract of land, purchased by plaintiff, at sheriff's sale.

The sheriff answers, as the reason for his refusal to make the

deed, that the land had been redeemed, by Stewart and Thorn as the successors in interest of the defendant in execution.

This presented the only issue of fact to be determined, and the court found distinctly in favor of the plaintiff. 1st. That Stewart and Thorn are not the successors in interest of Ridley, the defendant in execution, and next, that the land claimed by Stewart and Thorn, as successors in interest to Ridley, is not the property sold by the sheriff to the plaintiff.

This finding of facts by the court, must have the same legal effect as if found by a jury, and therefore not being the subject of review by this court, they are conclusive of the case.

Judgment affirmed.