Lyons *v.* Lyons.

---

## LYONS *v.* LYONS.

*Walker* v. *Sedgwick*, (5 Cal. 192) holding that in equity cases no findings are necessary to support a judgment, affirmed.

The Act of 1861, regulating appeals, changes the rule laid down in *Walker* v. *Sedgwick*, (5 Cal. 192) and makes the statute, as to findings of fact and conclusions of law, applicable to cases both in law and equity.

Even though it be unnecessary, under the rule heretofore held, that there be findings in an equity case, still, when there are findings, they are not to be disregarded.

APPEAL from the Thirteenth District.

Action by the wife against her husband for divorce on the ground of extreme cruelty, and for custody of their minor children. Demurrer, on the ground that two causes of action are improperly united. Overruled. Answer denying all the allegations of the complaint. Cause tried by the Court without a jury by consent; several witnesses examined and case argued and submitted. The next and last entry in the record is, that " it is ordered,. adjudged and decreed that plaintiff have a divorce from bed and board." Judgment accordingly, and defendant appeals.

*Heydenfeldt*, for Appellant.

There is no finding of facts and no conclusion of law to support the judgment. (Prac. Act, sec. 180; *Russell* v. *Armador*, 2 Cal. 305; *Semple* v. *Burkey*, Id. 321.) *Walker* v. *Sedgwick* (5 Cal. 192) has been overruled.

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

This is a suit in equity, and the only error assigned is that there are no findings to support the judgment. The case of *Walker* v. *Sedgwick* (5 Cal. 192) is directly in point, and to sustain the position of the appellant it would be necessary to overrule that case. If the question were presented for the first time, it would require no argument to satisfy us that the statute was intended to have a uniform operation; but there is some plausibility in a different interpretation, and such interpretation having been adopted, we are disposed to act upon it. The view taken was that the one hundred and seventy-ninth and one hundred and eightieth sections of the Practice Act were to be construed together, and that the provisions of the latter were to be limited in their application to cases embraced by the former. The error of' this view is not so apparent as to induce us to establish a new rule upon the subject; but the Act of 1861, regulating appeals, changes the construction. Since the passage of that act it is necessary that the practice in this respect should be uniform. This, however, has no effect upon the present

appeal; but it does not follow that when there are findings they are to be disregarded.   The contrary has always been held by this Court, as an examination of the reports will abundantly show.   (See *Wheeler* v. *Hays*, 3 Cal. 284; *McHenry* v. *Moore*, 5 Id. 90; *Dewey* v. *Bowman*, 8 Id. 145; *Ortman* v. *Dixon*, 13 Id. 33.)

Judgment affirmed.